**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ENGINEERED ABRASIVES INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:14-cv-6809** |
| | ) | |
| INNOVATIVE PEENING SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Engineered Abrasives Inc. ("EA"), for its Complaint against defendant Innovative Peening Systems, Inc. ("IPS") herein alleges:

**PARTIES**

1.      EA is an Illinois corporation with its principal place of business located at 11633 S. Austin Ave, Alsip, IL 60803.

2.      On information and belief, defendant IPS is a Georgia corporation with its principal place of business located at 2825 Simpson Circle, Norcross Georgia 30071.

3.      EA and IPS are competitors in the field of research, development, manufacturing, servicing, and sale of repair and replacement parts for shot peening machines.

**JURISDICTION AND VENUE**

4.      This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§1331 and 1338, as this action arises under the copyright laws of the United States, 17 U.S.C. §101 *et seq.*, and pursuant to 28 U.S.C. §1332, as the matter is between

citizens of Illinois and Georgia and the amount in controversy exceeds $75,000. The court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. §1367.

5.      This action is brought pursuant to 17 U.S.C.  §106 of the Copyright Act, and the common law of unfair competition by misappropriation and unjust enrichment.

6.      This court has personal jurisdiction over the Defendant because it transacts business in this judicial district and because it has committed tortious acts and caused injury in this district.

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c) because the defendant is doing business in this judicial district and a substantial part of the events giving rise to the claims occurred in this district.


**BACKGROUND FACTS**

8.      For three (3) generations, EA has been a well-known, United States based, family owned, and high quality designer, innovator and manufacturer of automated shot peening and blast finishing equipment, and related replacement parts, supplies, installation, maintenance and repair services. ("EA's Business").

9.      EA has been engaged in EA's Business for nearly 50 years and has accumulated and invested in developing creative, original, confidential and proprietary information, fixed in a tangible form, that provides EA with a competitive advantage in the marketplace (EA Business Information").

10.     EA Business Information is a valuable asset of EA, generated through the extensive investment of time, labor, skill and money over many decades, and generates multiple millions of dollars in annual revenues for EA.

### Theft by Former EA Employees

11.     Upon learning that two (2) former EA employees, who had left EA in 2011, had taken, without EA's knowledge or consent, EA machine parts and EA Business Information and started a competing business (former employees and their company collectively "Former Employee Business"), EA took legal action.

12.     EA has two (2) pending actions against the Former Employee Business; one is an Illinois state court action for theft of trade secrets ("EA's State Action")[1], and the other is a case in the Northern District of Illinois for trademark infringement, false advertising, copyright infringement, unfair competition and deceptive trade practices.[2]

### IPS Acquisition and Use

13.     On information and belief, IPS knew, at least as early as June 2013 that the Former Employee Business was not associated with or authorized by EA.

14.     At least as early as June 2013, and at a time when IPS had constructive knowledge of the pending EA's State Action against Former Employee Business, IPS, through its President and sole shareholder, Daniel Dickey, received EA Business Information from the Former Employee Business, including EA's copyrighted and proprietary Proposal No. 8842 and EA machine drawings.

15.     EA's Proposal No. 8842, like all EA proposals, are provided only to EA customers who seek engineering analysis, problem solving, solutions, pricing and proprietary features that only EA offers with the prospect of purchasing EA machines and as a customer reference and to aid EA's service and maintenance of its machines.

---

[1] Engineered Abrasives v. Edward Richerme et al. Case No. 12 CH 901 Circuit Court for 12th Judicial Circuit, Will Co. Illinois.
[2] Engineered Abrasives v. Edward Richerme et al. Case No.13-cv-7342 (N. D. Ill.) The court established liability on all counts pursuant to the entry of default.

16.    Each and every page of the 39 page Proposal No. 8842 is prominently labeled with a header including ENGINEEREED ABRASIVES' name, trademarks and address.

17.    On the second page of Proposal No. 8842 is a letter, dated September 24, 2008, from EA President, Michael Wern, addressed to the intended recipient of Proposal No. 8842, Alberto Einstein of Dana Heavy Axle in Mexico.

18.    IPS did not receive Proposal No. 8842 from its owner, EA, or the recipient, Dana Heavy Axle.

19.    Proposal No. 8842 contained detailed and proprietary information, including without limitation, EA machine drawings, EA machine and parts specifications, EA pricing information, and EA replacement parts information.

20.    IPS knew, or should have known, that EA Proposal 8842 was confidential and was not intended for distribution to IPS, a competitor of EA.

21.    IPS did not return the EA Business Information to EA.

22.    IPS did not report receipt of the EA Business Information to EA.

23.    EA machine drawings are also protected by a separate copyright registration in EA Job Shop Services Brochure.

24.    On information and belief, IPS offered to compensate the Former Employee Business for introductions to EA customer contacts and to provide EA Business Information to IPS.

25.    On or about June 20, 2013, IPS President, Daniel Dickey, through an introduction by, and in the company of, the Former Employees Business, visited the facility of EA client, Chrysler located in Kokomo, Indiana, for the purpose of submitting a proposal on the EA machine that was of the same type as detailed in EA's Proposal No. 8842.

26.     On information and belief, IPS knowingly and willfully duplicated EA's Proposal No. 8842 and machine drawings received from the Former Employee Business.

27.     On information and belief, IPS used the information detailed in EA's Proposal No. 8842 and machine drawings to prepare a competing proposal in connection with the EA machine at Chrysler.

28.     IPS's duplication of Proposal No. 8842 and EA machine drawings were not authorized by the copyright owner, EA.

29.     IPS's use of EA's Business Information was not known or authorized by EA.

30.     IPS's conduct alleged herein was intended to unjustly benefit IPS, by obtaining and using EA's Business Information without cost to provide service to EA's client on an EA machine, all to the detriment of EA.

31.     IPS' actions were willful infringement of EA's rights and intentionally designed to unfairly compete with EA.

## COUNT I

### Copyright Infringement

32.     EA repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

33.     EA owns and has registered Proposal No. 8842 (with proprietary pricing and specifications redacted) and the EA machine drawings with the U.S. Copyright Office. Proof of EA's U.S. Copyright Registrations No.TX0007896867 and No. TX0007739220 are attached hereto as Exhibits A & B.

34.     IPS, without authorization or permission from EA, the copyright owner, duplicated EA's copyrighted materials, in violation of 17 U.S.C § 106.

35.    IPS's acts of infringement are willful, intentional and purposeful, in direct violation of EA's rights.

36.    As a direct and proximate result of said infringement by IPS, EA is entitled to actual damages and injunctive relief pursuant to 17 U.S.C. §§ 501-504.

37.    As a direct and proximate result of the foregoing acts and conduct, EA has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

38.    EA is informed and believes, on that basis asserted herein, that unless enjoined and restrained by this Court, IPS will continue to infringe EA's copyrights and EA is entitled to preliminary and permanent injunctive relief to restrain and enjoin IPS's continuing infringing conduct.

## COUNT II

### Unfair Competition by Misappropriation

39.    EA repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

40.    IPS used EA Business Information and gained a special advantage because it bore no expense in its development.

41.    IPS's use of the EA Business Information in competition with EA for work in connection with an EA machine and with EA customer has caused and will continue to cause commercial damage to EA.

42.    IPS's use of EA Business Information was intentional and made in an effort to unfairly compete with EA.

43.     IPS' unfair competition by misappropriation, as described herein has caused and will continue to cause irreparable harm, damage and injury to EA unless IPS is enjoined.


**COUNT III**

**Unjust Enrichment**

44.     EA repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

45.     IPS unjustly retained the benefit of EA Business Information to EA's detriment.

46.     IPS's retention and use of EA's proprietary machine drawings, pricing, and machine and part specifications violates fundamental principles of justice, equality and good conscience.

47.     EA is entitled to collect damages from IPS in an amount that will compensate EA for IPS's unauthorized access and use of EA Business Information.


WHEREFORE, Plaintiff Engineered Abrasives, Inc. requests that this Court award the following relief:

A.      Preliminarily and permanently enjoin and restrain IPS, and all officers, agents, servants, employees, directors, representatives, successors, assigns, related companies, those in privity with IPS or in active concert or participation with IPS from using any EA copyrights or EA Business Information;

B.      Award and accounting for, and enter judgment against IPS for IPS's profits and EA's lost profits, pursuant to 17 U.S.C. § 504 and for damages proximately caused by IPS's unauthorized use of EA Business Information, including the value of the use;

C.      Award EA increased punitive damages for IPS's willful, blatant and unjust acts and to deter such misconduct by IPS in the future;

D.      Require IPS to pay the costs of this action, together with EA's attorney fees and disbursements incurred herein;

E.      Award EA pre-judgment and post-judgment interest;

F.      Order the impounding and disposition of infringing material in possession of IPS, pursuant to 17 U.S.C. § 503; and

G.      Award EA such other and further relief as this Court deems just and equitable.

## JURY DEMAND

EA demands a trial by jury on all matters subject to decision by a jury.


Dated:  September 3, 2014

                                                        Respectfully submitted,

                                                        **ENGINEERED ABRASIVES, INC.**


                                                        By: */s/ Joan L. Long*
                                                        One of Their Attorneys


                                                        Joan L. Long
                                                        Grant H. Peters
                                                        **BARNES & THORNBURG LLP**
                                                        One North Wacker Drive
                                                        Suite 4400
                                                        Chicago, Illinois  60606-2833
                                                        Telephone:  (312) 357-1313
                                                        Facsimile:   (312) 759-5649